71190. FIREMAN'S FUND INSURANCE COMPANY, INC. v. FOSTER REMODELING COMPANY, INC.
(340 SE2d 668)

SOGNIER, Judge.

Foster Remodeling Company, Inc. brought this action on payment bonds against Fireman's Fund Insurance Company, Inc. (Fireman's Fund), surety for All Weather, Inc. (All Weather). We granted Fireman's Fund's discretionary appeal from the trial court's denial of its motion for summary judgment.

All Weather was the prime contractor for two construction projects with the City of Atlanta Housing Authority. All Weather and appellant, as surety, posted performance and payment bonds on the two contracts for the projects. All Weather then entered into subcontracts with Ace/A-5 Contracting ("Ace/A-5"), a joint venture which included Ace Contracting Company. Ace/A-5 subcontracted work to appellee which performed the work on the projects for, and was paid by, Ace/A-5 until Ace Contracting Company filed for bankruptcy on November 28, 1983. On December 15, 1983, representatives of the companies pertinent to this appeal met to discuss future arrangements after the bankruptcy of Ace Contracting Company, and several days later, All Weather and appellee entered into two contracts for future work on the project. By letter dated April 2, 1984, appellee made a claim against appellant for the unpaid balance due on appellee's work for Ace/A-5. Appellee instigated this action following appellant's failure to pay its claim.

Appellant contends the trial court erred by denying its motion for summary judgment because no question of fact exists that appellee failed to give notice of its claim to All Weather as required by OCGA § 36-82-104 (b) and appellant is thereby insulated from liability as a matter of law. OCGA § 36-82-104 (b) requires that one furnishing labor or materials for a public contract job and who has no direct contractual relationship with the contractor who furnishes the payment bond, shall have a right of action on the bond "upon giving written notice to the contractor within 90 days from the day on which such person did or performed the last of the labor or furnished the last of the material or machinery or equipment for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was performed or done."

"The requirements of [OCGA § 36-82-100 et seq.] and of the Miller Act, found in [40 USC § 270a et seq.] are substantially the same. It appears that our statute is derived from the Miller Act. Consequently, the decisions of the federal courts construing the Miller Act are very helpful and most persuasive in construing our own statute. [Cits.]" *Porter-Lite Corp. v. Warren Scott Contracting Co.*, 126 Ga. App. 436, 438 (3) (191 SE2d 95) (1972). We note that federal case law has "emphasized the liberal construction due to be given the Miller Act to effectuate the Congressional intent to protect those who furnish labor and material for public works." *Coffee v. United States*, 157 F2d 968, 970 (5th Cir. 1946). See also *McWaters & Bartlett v. United States*, 272 F2d 291, 294 (1) (10th Cir. 1959); *Houston Fire &c. Ins. Co. v. United States*, 217 F2d 727, 729 (5th Cir. 1954); *Fleisher Eng. &c. Co. v. United States*, 311 U. S. 15, 18 (61 SC 81, 85 LE 12) (1940).

"All the cases agree that without giving the notice [required by 40 USC § 270b (a)] there is no right of action on the bond for the use of furnishers who have no direct contractual relation to the contractor. In no case has writing been held unnecessary. But there has been liberality as to the manner of communicating the written notice to the contractor." *Coffee,* supra at 969. "It is not necessary that the writing relied on be signed by the supplier, *it is sufficient that there exists a writing from which, in connection with oral testimony, it plainly appears that the nature and state of the indebtedness was brought home to the general contractor.* When this appears the object of the statute, to assure that the contractor will have notice, is attained and the statute is sufficiently complied with." (Emphasis supplied.) *Houston,* supra at 730.

It is uncontroverted in this case that the last work for which appellee claims payment was completed no later than November 28, 1983. Thus, appellee was required to give notice to All Weather, the principal contractor, no later than February 26, 1984, and its letter of April 2, 1984, to appellant was insufficient. Appellee argues that the notice provisions of OCGA § 36-82-104 (b) were complied with during the meeting of December 15, 1983, when its president exhibited to All Weather copies of unpaid invoices directed to Ace/A-5. Construing the facts most favorably to appellee as the party opposing summary judgment, there is evidence that during the meeting appellee's president informed All Weather that appellee's bills to Ace/A-5 "had been unpaid and that [appellee] wished for All-Weather to pay these bills." Under these circumstances we agree with appellee that there remains a question of fact whether the writing (i.e., the invoices), in connection with appellee's president's testimony, "brought home" the indebtedness to the general contractor. See *Houston,* supra; *Coffee,* supra; *McWaters,* supra; but see *United States v. H. S. Kaiser, Inc.,* 270 FSupp. 215 (E.D. Wis. 1967). Thus, summary judgment in favor of appellant was properly denied.

We find no merit in appellant's argument that appellee waived its right to proceed against the payment bonds by agreeing to language in the contracts between appellee and All Weather that "[d]istribution of monies for windows installed prior to 11-28-83, the date Ace Contracting Co./A-5 declared officially bankrupt [sic], will be the responsibility of the bankruptcy court," because we do not find a novation nor do we find a clear expression of waiver of appellee's right to sue on the surety bonds. See *Warrior Constructors v. Harders, Inc.,* 387 F2d 727, 729 (5th Cir. 1967). Further, because of our holding that questions of fact remain whether the required notice was given under OCGA § 36-82-104 (b), we need not address appellee's alternate argument that the need for such notice was obviated because of its direct contractual relationship with All Weather to complete the

work on the projects.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

This is indeed a close case because appellant makes a strong and persuasive argument that what appellee did with regard to compliance with the notice requirements of OCGA § 36-82-104 (b) was too little and too late. However, the case is before us as a result of the *denial* of appellant's motion for summary judgment and the conclusion of the majority is that "[c]onstruing the facts most favorably to appellee as the party opposing summary judgment . . . there remains a question of fact whether the writing (i.e., the invoices), in connection with appellee's president's testimony, 'brought home' the indebtedness to the general contractor." With the procedural status of the case in mind, I concur in the majority's holding.

However, one of the authorities relied upon by the majority is *Houston Fire &c. Ins. Co. v. United States*, 217 F2d 727 (5th Cir. 1954). I do not believe that the factual situation here involved comes within the holding in *Houston* because in *Houston*, after the oral discussions between the claimant and the general contractor, there was a written acknowledgment of that discussion from the general contractor to the claimant acknowledging the indebtedness and indicating the payment "should be forthcoming within a few days." We do not have such written acknowledgment in this case. However, the majority also relies upon *Coffee v. United States*, 157 F2d 968 (5th Cir. 1946) and *Coffee* "made it clear" to the *Houston* court that "what was done in this case was a sufficient compliance with [the statute]." *Houston*, supra, 730. In *Coffee*, the court held that "a writing containing the information which the statute requires, exhibited to the contractor by the claimant as a notice of his claim and which the contractor examines and discusses and might have taken if desired, is a written notice sufficiently served." *Coffee*, supra, 970. In this case, the affidavit of Jimmy Foster states that "after we had discussed the amount owed, the invoice documents were returned to me though I intended for [agents of appellant] to keep copies of them for their own files." Although the affidavits of appellant throw a different light upon this meeting, it clearly appears that there is sufficient evidence in the record to find that there remained genuine issues of material fact with regard to the giving of the required notice and, therefore, the trial court correctly denied summary judgment.

DECIDED FEBRUARY 7, 1986.

*John C. Weitnauer, R. Wayne Thorpe, David J. Hansen*, for

appellant.

*Jeffrey L. Sakas*, for appellee.